UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| EX PARTE APPLICATION OF NOVARTIS | ) | No. 1:21-mc-00084-JMS-TAB |
| PHARMA, AG | ) | |
| | ) | |

**ORDER ON ELI LILLY AND COMPANY'S**
**MOTION FOR RECIPROCAL DISCOVERY**

The Court held a status conference in this miscellaneous matter on April 13, 2022.

During that conference, and as memorialized in a subsequent written order, the Court overruled

Eli Lilly and Company's objection to producing discovery contingent upon reciprocal discovery

from Novartis Pharma AG. [Filing No. 38.] After the Court issued its order, Lilly requested—

for the first time—an opportunity to brief the matter. The Court granted Lilly's request. [Filing

No. 39.] Subsequently, Lilly filed a formal motion for reciprocal discovery [Filing No. 40] and

a motion for oral argument on its motion [Filing No. 42].

Given that the Court has already issued a ruling on this issue, the Court treats Lilly's

motion as a motion for reconsideration. While neither side labels Lilly's motion a motion for

reconsideration, that is what it is—a request that the Court reconsider its earlier order overruling

Lilly's request for reciprocal discovery. A motion to reconsider is appropriate where a movant

demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D.

411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the

Court has patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

The parties may not introduce evidence previously available but unused in the prior proceeding

or tender new legal theories.  A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact."  (Internal citations and quotation marks omitted)). Lilly raises no new arguments in the additional briefing that leads the Court to the conclusion that it committed a manifest error of law or fact.

As Lilly's motion acknowledges, Lilly sought its own § 1782 discovery in the Eastern District of Virginia, which was granted, but subsequently vacated based on jurisdictional concerns.  The question of statutory interpretation and jurisdiction is on appeal before the Fourth Circuit.  Lilly argues that the status of the appeal does not affect its entitlement to reciprocal discovery because Novartis subjected itself to jurisdiction in this district when it filed its § 1782 action.  [Filing No. 41, at ECF p. 4.]

The Court set forth its reasoning for overruling Lilly's objection and declining to exercise its discretion to grant Lilly's request for reciprocal discovery in its original order.  [Filing No. 38.]  A reciprocal discovery order, issued now, would threaten inconsistent outcomes where the very same discovery request is on appeal to the Fourth Circuit and was scheduled for oral argument on May 4, 2022.  If the Fourth Circuit reinstates Lilly's Eastern District of Virginia petition, the parties will then be litigating Novartis's production there.  The Court agrees with Novartis that reciprocal discovery should be denied at least during the pendency of the Fourth Circuit appeal in order to prevent inefficiency, potential forum shopping, and the risk of conflicting outcomes.  Furthermore, the Fourth Circuit appeal weighs against reciprocal discovery even if the Eastern District of Virginia decision is affirmed.  If that occurs, Novartis indicates in its response to Lilly's motion that it would likely reconsider whether it needs to pursue discovery in the United States at all.  [Filing No. 43, at ECF p. 5.]

Lilly argues that Novartis, a foreign corporation "should not be able to take advantage of the U.S. discovery procedures under § 1782 to obtain discovery from Lilly while at the same time evading comparable discovery under the same statute and for the same use in the same proceedings by claiming it is beyond the U.S. courts' reach." [Filing No. 41, at ECF p. 5.] However, Lilly filed the initial § 1782 application, and it is Lilly that has refused to provide discovery or claimed it will only provide discovery in a reciprocal arrangement. Novartis filed the instant application only after the magistrate judge in the Eastern District of Virginia initially denied Novartis's motion to quash Lilly's subpoena.

Finally, while Lilly contends that there are timing urgencies in foreign proceedings, Lilly's actions indicate otherwise. Lilly waited ten weeks after the Eastern District of Virginia quashed its subpoena before suggesting it would seek reciprocal discovery in the Southern District of Indiana. And as noted above, Lilly did not even ask to brief this issue or file a motion formally seeking reciprocal discovery until after the Court entered its order overruling Lilly's objection. No argument raised in Lilly's motion demonstrates that the Court acted under a manifest error of law or fact. The Court's prior decision stands. Accordingly, Lilly's request to reconsider the Court's earlier order is overruled. Lilly's motion for reciprocal discovery [Filing No. 40] is denied, as is Lilly's motion for an oral argument on its motion [Filing No. 42].

Date: 5/9/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

EX PARTE APPLICATION OF NOVARTIS PHARMA, AG

Sharon K. Gagliardi
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Katherine A. Helm
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

Jonathan D. Loeb
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306